a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ERICH IVAN CROFT #10474-273,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-01701<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WARDEN,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Erich Ivan Croft ("Croft"). Croft is a prisoner in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Croft challenges his conviction and sentence imposed in the United States District Court for the District of South Dakota.

Because Croft is not entitled to proceed under § 2241, his Petition should be DISMISSED for lack of jurisdiction.

I. Background

Croft pleaded guilty to possessing and transporting stolen firearms. *United States v. Croft*, 5:08-CR-50136 (D. S.D.). He was sentenced to two consecutive terms of 120 months of imprisonment. *Id.* at ECF No. 97.

Croft filed a motion to vacate under 28 U.S.C. § 2255 alleging ineffective assistance of counsel in failing to request that sentences run concurrently rather than consecutively. He also claimed that the district court failed to consider the factors in

18 U.S.C. § 3553 when imposing his sentence. *See Croft v. United States*, 5:11-cv-05073 at ECF No. 1. The motion was denied. *Id.*

In this § 2241 Petition, Croft alleges that his conviction is unlawful due to a lack of jurisdiction, an invalid plea agreement, prosecutorial misconduct, and ineffective assistance of counsel. ECF No. 1 at 7-8.

II. <u>Law and Analysis</u>

A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law, . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is generally used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, the savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his

detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

To satisfy the savings clause, a petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)).

Croft does not challenge the manner in which his sentence is being executed. Rather, he challenges the validity of his conviction. Croft previously filed a § 2255 motion. As a result, to proceed under § 2241, he must satisfy the requirements of the savings clause. However, Croft does not allege that his claim is based on a retroactively applicable Supreme Court decision establishing his innocence. Therefore, he cannot proceed under § 2241. *See Powell v. Fox*, 368 F. App'x 509 (5th Cir. 2010).

III. <u>Conclusion</u>

Because Croft cannot meet the requirement of the savings clause, IT IS RECOMMENDED that his Petition be DISMISSED for lack of jurisdiction, WITH

PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Croft's claim.[1]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, September 6, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).